*WATTS vs. McMICKEN ET AT.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT,
THE JUDGE OF THE FOURTH PRESIDING.

Complaints as to the conduct of a Curator, can only be redressed when *as Curator* he presents his account. Particular acts of the representatives of estates cannot be singled out by individual creditors, and made the basis of a suit.

This was an action by the creditors of an estate charging the curator with fraud and collusion ; and praying that certain doings, which had operated to their injury, might be de-

clared null and void. The defendant put in a plea to the ju-
risdiction of the court. which being sustained, the plaintiff
appealed.

*Pierce*, for appellant, contended:

1. That the petition showed an action against the defen-
dant for fraudulent conduct in the administration of an es-
tate, by which the plaintiffs were enjoined.

2. The court had jurisdiction.

*Downs*, contra ;

1. A probate sale is a judicial proceeding, including always,
a judgment of that court, and can be annulled only by that
court.—State v. Favrot, 1st La. Rep. 49.

2. A sale of a vacant estate is *ordered* by the judge of the
Court of Probates, on application, by petition, for that pur-
pose.

3. The court which renders a judgment, alone has juris-
diction of the action of nullity to set it aside.—C. P. art. 608,
609, 610.

4. The proper time and place to object to a probate sale
is in the court of probates, before the homologation of the
proceedings.—Lafon's Ex. v. Phillips et al., 2d Martin, N. S·
225, 234; 12th Martin 329.

*Porter, J.*, delivered the opinion of the court.

The plaintiff Watts, in conjunction with another creditor
of the estate of Reno, complain of the defendant, curator of
the succession, of having entered into an agreement with
the other creditors, to take notes and obligations from a
debtor of the estate ; and with having violated that agree-
ment, by causing execution to issue against the debtor, and
selling certain property, of which he became the purchaser
hrough the agency of Achison, the co-defendant. The peti-
tioners state, that they have suffered great injury by these
acts of the curator, and they pray that the sale made under
execution of the debtor, may be set aside ; that the de-

Eastern District.
*January* 1831.

M'MICKEN
*vs.*
MILLAUDON.

fendant, McMicken, be compelled to comply with his agreement, and take his share of the notes which were offered to the creditors, and finally that they have such other relief as their case might require.

A plea to the juridiction of the court was presented and sustained. The plaintiff appealed.

Complaints as to the conduct of a curator can only be redressed when as curator he presents his account. Particular acts of the representatives of estates can not be singled out by individual creditors, and made the basis of a suit.

It appears to us the court did not err. The act complained of is in relation to the defendant's conduct as curator, viz. : in improvidently issuing a writ of execution from the court, under which he held his appointment, in favor of the estate he represents. The time to get redress for this, will be when as curator he presents his account. Particular acts of the representatives of estates cannot be singled out by individual creditors, and made the basis of a suit. There can be only one to render an account, and when that is presented, all the acts of the curator, whether of non feasance or malfeasance, by which the creditors are injured, can be opposed to him. This doctrine has been long established in this court. The reasons for it are obvious. There might be as many suits as there are creditors, if a contrary rule was admitted. Again, the act complained of cannot be known to be an injury until the settlement of the estate, for *non constat*, that notwithstanding the alleged impropriety on the part of the representative, there may not be enough to pay each creditor his claim.—See *the case of Hodge's heirs vs. Dunnford*, 1. *N. S.* 126, *and the authorities then cited*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.